UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK ANTONACCI,

                Plaintiff,

v.

KJT GROUP, INC. and
MICHAELA GASCON,

                Defendants.

REPORT AND RECOMMENDATION
AND DECISION AND ORDER
21-CV-6578-DGL-MJP

---

**APPEARANCES**

For Plaintiff:                      Erica Lynn Shnayder
                                        Shnayder Law LLC
                                        89 Headquarters Plaza
                                        Suite 1421
                                        Morristown, NJ 07960

For Defendants:                Kelly Ann Geary
                                        McElroy Deutsch Mulvaney
                                        & Carpenter, LLP
                                        820 Bausch & Lomb Place
                                        Rochester, NY 14604

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

     **Pedersen, M.J.** This diversity action is before the undersigned on Plaintiff Mark Antonacci's ("Plaintiff") motion seeking an order granting his motion to amend the complaint. (Pl.'s Not. of Mot., ECF No. 25.) More specifically, Plaintiff seeks leave to add two new causes of action—unjust enrichment and failure to pay wages in accordance with New York Labor Law ("NYLL"), Article 6, §§ 190 *et. seq.*—as well as to include additional factual allegations regarding defendants KJT Group, Inc. and Michaela Gascon (hereinafter, collectively, "Defendants") alleged failure to pay

annual bonuses, commissions, and stock. (Proposed Am. Compl., at 1, ECF No. 25-1; Affirmation of Erica L. Shnayder, Esq. ("Shnayder Aff.") at 2, ECF No. 28.)

For the reasons set forth below, the undersigned recommends that the District Court deny Plaintiff's motion to amend the complaint to add a claim under NYLL Article 6, §§ 190 *et. seq.* seeking commissions and stock.

## STANDARD OF LAW

The Honorable David G. Larimer referred all pretrial matters, excluding dispositive motions, to the undersigned on October 14, 2021. (ECF No. 9.)

It is established that

> Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' ... it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A district court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

*Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 671 (2d Cir. 2021) (summary order).

A proposed amendment "is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). To withstand dismissal under Rule 12(b)(6), a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Under the doctrine of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 416 (1996); *accord Jordet v. Just Energy Sols., Inc.*, 505 F. Supp. 3d 214, 231 (W.D.N.Y. 2020) ("Under the Erie doctrine, while state law governs the substantive issues, procedural law in diversity cases is federal procedures.")

"The party opposing a motion to amend bears the burden of establishing that an amendment would be futile." *Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 268 (W.D.N.Y. 2015) (citation omitted). "Because the standard on a motion for leave to amend is the same as that on a Rule 12(b)(6) motion to dismiss, the Court cannot consider facts outside the pleadings in considering the futility of an amendment." *Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co., Inc.*, 545 F. Supp. 3d 21, 24 (W.D.N.Y. 2021) (internal quotations and citation omitted).

## PROCEDURAL BACKGROUND

Plaintiff commenced this action on September 13, 2021, against his former employer, KJT Group, Inc., and its President and Chief Executive Officer and Plaintiff's supervisor, Michaela Gascon, alleging breach of contract under New York law, breach of the implied covenant of good faith and fair dealing, and violations of the New York State Human Rights Law ("NYSHRL"). (Compl. at 1, 8–10, ECF No. 1.)

Plaintiff's original complaint alleges four causes of action as follows: (1) discrimination on the basis of age/gender in violation of the NYSHRL; (2) aiding and abetting the discriminatory conduct in violation of the NYSHRL; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing. (Compl. at 1–12, ECF No. 1.)

Plaintiff began his employment with Defendant KJT Group, Inc. "on or about January 13, 2020" as Executive Vice President, Commercial Operations. (Proposed Am. Compl. at 3.) He received a written offer of employment ("Offer Letter") and an executive employment contract[1] ("Employment Agreement"), allegedly containing the terms of his compensation. (*Id.* at 3.) Plaintiff alleges that he was entitled to an annual salary, personal and team commissions linked to gross revenue earnings, an executive annual bonus, future eligibility for Employee Stock Ownership Plan ("ESOP") profits, and fringe benefits. (*Id.*) The Offer Letter set forth the amount of personal and team commissions Plaintiff was projected to receive if he met certain monetary goals. (*Id.* at 3–4.)

Plaintiff alleges that Defendants unlawfully denied him both personal and teams commissions by prematurely altering the terms of the commission structure soon after Plaintiff began his employment and despite the fact that the Offer Letter provided that Defendants reserved the right to "*annually*" amend the commission

---

[1] In Plaintiff's original complaint and in Defendants' opposition papers, the parties refer to this document as the "Employment Agreement." (Compl. at 1, ECF No. 1; Defs.' Mem. of Law at 3, ECF No. 27.) However, in the proposed amended complaint, Plaintiff refers to the "Employment Agreement" as the "Executive Agreement." (Proposed Am. Compl. at 3, ECF No. 25-1.)

structure. (*Id*. at 4, emphasis in original.) Plaintiff further alleges that as a result of this change, he was not provided with personal or team commissions. (*Id*.)

Plaintiff's counsel asked Defendants to "stipulate to the Offer Letter being a contractually binding agreement," and Defendants declined to so stipulate. (Shnayder Aff. at 2 & Ex. A, ECF No. 28.)

Pursuant to the scheduling order agreed to by the parties in this case, the deadline for motions to amend the pleadings was March 8, 2022. (ECF No. 16.) Plaintiff filed his motion to amend on January 25, 2022. (ECF No. 25.) Defendants filed opposition papers in which they contend that Plaintiff failed to adhere to the proper procedure in seeking to amend his complaint and that the amendments are futile. (Affidavit of Kelly A. Geary ("Geary Aff."), ECF No. 26 & Mem. of Law, ECF No. 27.) Plaintiff thereafter submitted his Reply. (Shnayder Aff., ECF No. 28 & Pl.'s Reply, ECF No. 29.) The undersigned considered all of the forgoing in rendering this Report and Recommendation and Decision and Order.

## DISCUSSION

***Findings of Fact Regarding Plaintiff's Claim for Failure to Pay Wages under NYLL, Article 6, §§ 190 et. seq.***

In the proposed amended complaint Plaintiff alleges that

> Defendants failed to pay Plaintiff wages in the form of salary, commissions, bonuses, and company stock in accordance with their agreed terms of employment in violation of NYLL §193 [and that] Defendants violated all other applicable sections of NYLL, Article 6, §§ 190 *et. seq*.

(Proposed Am. Compl. at 13.)

Defendants contend that "[b]onuses and profit-sharing or stock, are not considered wages under New York Labor Law." (Defs.' Mem. of Law at 27.)

5

Defendants further assert that Plaintiff has not alleged sufficient facts to support his claim that he is owed commissions. (*Id.*) In support of these assertions, Defendants rely on the recent case of *Cicero v. Intellor Grp., Inc.*, No. 18-CV-6934, 2021 WL 1720810, at 4 (W.D.N.Y. Apr. 30, 2021), in which the Honorable Charles J. Siragusa dismissed the plaintiff's cause of action seeking to recover unpaid commissions and a bonus under NYLL §§ 191(1)(c) (Payment of sales commission) and 198(1-a) (Costs, remedies). (Defs.' Mem. of Law at 3–4.)

In response to Defendants' assertions, Plaintiff contends that under NYLL "earned commissions and bonuses constitute wages." (Pl.'s Reply at 5.)

With respect to commissions, Plaintiff argues that he alleged sufficient facts to support his entitlement to them and points to the Offer Letter which "specifically sets forth the terms of the parties' commission agreement." (Pl.'s Reply at 3.) Plaintiff included some of the terms related to payment of commissions in the proposed amended complaint, which are allegedly contained in the Offer Letter. (Proposed Am. Compl. at 3–4.)

Finally, Plaintiff contends that under the terms of the Offer Letter, he was entitled to company stock through Defendant KJT Group, Inc.'s ESOP profit sharing program, which constituted an additional form of compensation. (*Id.* at 8.) Plaintiff indicated that he was entitled to stock "after one year of employment." (*Id.*) Plaintiff contends that he never received any company stock. (*Id.*)

### *Conclusions of Law Regarding Plaintiff's Claim for Failure to Pay Wages under NYLL, Article 6, §§ 190 et. seq.*

NYLL § 190(1) defines "wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a

time, piece, commission or other basis." N.Y. Lab. Law § 190. Section 193 of the NYLL, which Plaintiff asserts Defendants violated, provides that "[n]o employer shall make any deductions from the wages of an employee" and then provides exceptions and other requirements for taking deductions from an employee's wages. N.Y. Lab. Law § 193.

### i. *Commissions.*

In the case of *Cicero* cited by Defendants, the plaintiff alleged in his complaint that "he earned over the past six years over $400,000 in unpaid commissions and wages." *Cicero*, 2021 WL 1720810, at 4. However, the Court agreed with the defendants that this "bald assertion" was not sufficient to support the plaintiff's claims for commissions, stating that "there are simply no supporting facts alleged from which the Court could conclude either that Plaintiff made any particular sales [ ] or that he is owed any amount of commission from Intellor, let alone $400,000[ ]." *Id.*

In reviewing the proposed amended complaint, it appears that Plaintiff essentially reiterated the terms under which he would receive both personal and team commissions, but that he, like the plaintiff in *Cicero*, failed to provide factual support from which the undersigned could infer that Plaintiff was actually involved in any particular sales. *Cicero* at 4. Plaintiff does allege that "[d]uring the 2020 fiscal year, Plaintiff catapulted the company from $8,785,000 to $16,126,619 in sales – nearly 100% in sales growth and ten times the target goal articulated during Plaintiff's interview." (Proposed Am. Compl. at 4.) However, that statement only provides the sales growth of the company. It does not include any allegations of what sales Plaintiff

7

(or any team with which he was associated) made that would entitle Plaintiff to either personal or team commissions.

The two cases cited by Plaintiff in support of his assertion that, under the factual allegations of this case, commissions constitute wages are distinguishable.[2] Plaintiff cites to *Beach v. Touradji Cap. Mgmt. L.P.*, 85 A.D.3d 674 (1st Dep't 2011), in which the First Department found that the plaintiffs stated a claim under NYLL § 190 "because plaintiffs alleged that the compensation was not 'entirely discretionary' and was based on plaintiffs' 'own personal productivity,' and not solely upon defendants' overall financial success." *Id*. at 42 (citations omitted) (Pl.'s Reply at 5.). However, a review of the *Beach* case does not indicate what type of "compensation" the plaintiffs were seeking. Further, here Plaintiff has not included any allegations regarding whether the commissions he claims are owed were based upon his own personal productivity and/or whether the payment of which was based in part on Defendant KJT Group, Inc.'s discretion.

Plaintiff also cites to *Tini v. AllianceBerstein L.P.*, 108 A.D.3d 409 (1st Dep't), in which the plaintiff alleged his employer owed him salary, commissions, and benefits. The thrust of the decision focuses on whether the trial court properly dismissed the plaintiff's claim for breach of contract. *Id*. at 409. There is only one sentence that baldly states "as unpaid salary and commission constitute '[w]ages' under Labor Law § 190(1), plaintiff has stated a claim under Labor Law § 198." *Id*.

---

[2] Plaintiff also cites to *Ryan v. Kellogg Partners Inst. Servs.*, 19 N.Y.3d 1 (N.Y. 2012) and *Giuntoli v. Garvin Guybutler Corp.*, 726 F. Supp. 494 (S.D.N.Y. 1989). However, both of these cases address claims for bonuses under NYLL and do not include claims for commissions.

at 410 (emphasis in original). The only case cited by the First Department in support of that assertion is the *Beach* case, which the undersigned distinguished above.

Based upon the forgoing, the undersigned believes that amending the complaint to add a claim for commissions under NYLL would be futile, as Plaintiff has not included enough factual allegations to state a plausible claim.

### *ii.   Stock.*

The New York State Court of Appeals indicated that it "agree[d] with those courts that have concluded that ... [Labor Law § 190(1)'s] definition of 'wages' . . . excludes incentive compensation 'based on factors falling outside the scope of the employee's actual work.'" *Truelove v. Northeast Capital & Advisory*, 95 N.Y.2d 220, 224 (N.Y. 2000) (quoting *Tischmann v. ITT/Sheraton Corp.,* 882 F. Supp. at 1370). While the undersigned agrees with Plaintiff that the facts of *Truelove* are distinguishable from those here, it also appears that the ultimate value of the any stock received by Plaintiff would depend on Defendant KJT Group Inc.'s financial performance and not that of Plaintiff. In other words, it appears that the ESOP profit sharing program lacks the "direct relationship between an employee's own performance and the compensation to which the employee is entitled," contemplated by Labor Law Article 6. *Truelove*, 96 N.Y.2d at 224. Indeed, it is possible that the stock could have no value once awarded in the event the company failed before it was delivered, which would contradict the purpose of Labor Law Article 6 of protecting wages on which employees could depend.

9

For the forgoing reasons, the undersigned recommends that the District Court deny that portion of Plaintiff's motion to amend the complaint to add a claim for failure to pay wages under NYLL, Article 6, §§ 190 *et. seq.*

## DECISION AND ORDER

Before the undersigned is Plaintiff's motion seeking leave to amend his complaint to add claims for unjust enrichment and a failure to pay wages in the form of bonuses under NYLL, Article 6, §§ 190 *et. seq.* Defendants assert that Plaintiff failed to comply with the Local Rules of Civil Procedure for the Western District of New York ("Local Rules") when filing the motion and that the motion should be denied on this ground. In addition, Defendants contend that Plaintiff's motion to amend the complaint to add claims for unjust enrichment and a failure to pay wages in the form of bonuses is futile. For the reasons discussed below, the undersigned declines to dismiss Plaintiff's motion for failing to comply with the Local Rules. The undersigned further grants Plaintiff's motion seeking leave to amend his complaint to add claims for unjust enrichment and a failure to pay wages in the form of bonuses under NYLL.

## ANALYSIS

### *Plaintiff's Failure to Provide an Affidavit in Support of the Motion to Amend is Not Fatal to Plaintiff's Motion Under the Procedural Facts of this Case.*

The undersigned first addresses Defendants' assertion that Plaintiff's motion must be denied for failure to comply with the Local Rules. (Geary Aff. at 2, ECF No. 26; Defs.' Mem. of Law at 1, ECF No. 27.) The undersigned acknowledges that Plaintiff's motion does not comply with the Local Rules, in that Plaintiff failed to

submit an affidavit, declaration, or affirmation in support of his motion to amend as required by Rule 7(a)(3) of the Local Rules, which provides, in pertinent part:

> (3) **Affidavit, Declaration, or Affirmation**. . . . Except for motions brought under Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), 12(c) (judgment on the pleadings), and 12(f) (to strike), motions and opposition to motions shall be supported by at least one (1) affidavit, declaration or affirmation, and by such other evidence (i.e., deposition testimony, interrogatory answers, admissions, and documents) as appropriate to resolve the particular motion. Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party.

W.D.N.Y. L.R.Civ.P. 7(a)(3).

Plaintiff's counsel contends that the undersigned informed her at a scheduling conference held on December 8, 2021, that if Plaintiff wished to file an amended complaint "that Plaintiff need not submit a formal motion, but rather, simply file a notice of motion and attach a redlined amended complaint." (Shnayder Aff. at 1, ECF No. 28; Pl.'s Reply at 2–3, ECF No. 29.)

Local Rule 7(a)(3) provides the undersigned with the authority to deny Plaintiff's motion for failure to comply with its requirements. However, while there is no recording or transcript of the December 8, 2021, scheduling conference and the undersigned does not specifically recall informing Plaintiff's counsel that she could dispense with the requirements of Rule 7(a)(3), the undersigned must trust Plaintiff's counsel's representations as she is an officer of the Court, which "demands integrity and honest dealing with the court." *Kupferman v. Consol. Rsch. & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972) (citations omitted); *accord Rusk v. New York State Thruway Auth.*, No. 10-CV-544-FPG, 2021 WL 230917, at 6 (W.D.N.Y. Jan. 22, 2021)

(Geraci, J.), *reconsideration denied* 2021 WL 4621616 (2d Cir. Oct. 7, 2021) ("An attorney is an officer of the court and must act with integrity and honesty before it.")

For the forgoing reasons, the undersigned declines to deny Plaintiff's present motion for failing to comply with Local Rule 7(a)(3), but cautions Plaintiff's counsel to comply with the Local Rules in all future filings.

***Plaintiff's Claim for Bonuses Under NYLL, Article 6, §§ 190 et. seq. is Not Futile.***

Under New York case law, bonus payments "contingent and dependent, at least in part, on the financial success of the business enterprise," and based on factors "outside the scope of the employee's actual work," are not "wages" under the meaning of Section 193. *Levion v. Societe Generale*, 822 F. Supp. 2d 390, 404 (S.D.N.Y. 2011), *aff'd* 503 F. App'x 62 (2d Cir. 2012) (quoting *Truelove*, 95 N.Y.2d at 223–5); *Marsh v. Prudential Sec. Inc.*, 1 N.Y.3d 146, 154 (N.Y. 2003) ("[I]ncentive compensation–such as a bonus– . . . is not included in the definition of 'wages' under Labor Law § 190(1).")

However, the New York State Court of Appeals has held that where a bonus is "expressly link[ed] to [Defendant's] labor or services personally rendered . . . and its payment was guaranteed and non-discretionary as a term and condition of employment," a failure to pay the bonus violates NYLL § 193. *Ryan*, 19 N.Y.3d at 16 (internal quotations and citations omitted). Further, in the case of *Hallet v. Stuart Dean Co.*, the Court considered the issue of whether incentive compensation, and, in particular, a bonus could constitute wages. 481 F. Supp. 3d 294, 309 (S.D.N.Y. 2020). The Court distilled the analysis down to three factors: "whether the incentive compensation was (1) tied to personal productivity or to the performance of the company; (2) guaranteed or discretionary; and (3) vested or contingent." *Id.*

12

Here, Plaintiff has alleged that "[a]s part of [his] compensation structure, Plaintiff was entitled to . . . an executive annual bonus . . . Defendants failed to pay Plaintiff annual bonuses . . . [and that] [f]ollowing Plaintiff's termination, Defendants refused to pay Plaintiff his accrued bonus for 2020 and a pro-rata bonus for 2021 in violation of his Executive Agreement." (Proposed Am. Compl. at 1, 3, 7.) He further alleges that the Executive Agreement provided:

> 34. Pursuant to paragraphs 9(a)(iii) and (iv) of the Executive Agreement parties' Employment Agreement, in the event of a termination by the Company "without Just Cause," Plaintiff would be entitled to: "any unpaid Annual Bonus attributable to a fiscal year ending prior to the date of such termination but unpaid as of such date, payable at the same time such payment would be made if the Executive continued to be employed by the Company ("Accrued Bonus")" and "if such termination occurs between January 1 and September 30 of a given calendar year, a pro-rate portion of the Annual Bonus for the then-current fiscal year…payable at the same time such payment would be made if the Executive continued to be employed by the Company ("Pro-Rata Bonus")."

(*Id.*)

Plaintiff indicates that the Executive Agreement contains the terms of his bonus. However, he did not attach that Agreement to the proposed amended complaint and thus the undersigned was precluded from reviewing its terms in rendering this Decision and Order.

Nevertheless, "in assessing whether the proposed complaint states a claim, we consider 'the proposed amendment[s] ... along with the remainder of the complaint,' *Sony BMG,* 592 F.3d at 323 n. 3, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Here, with respect to the

13

first *Hallet* factor, while Plaintiff does not indicate whether the bonus was tied to his own performance or was based on that of Defendant KJT Group, Inc., he does allege that he "catapulted the company from $8,785,000 to $16,126,619 in sales – nearly 100% in sales growth." (Proposed Am. Compl. at 4.) Even if the bonus was tied to Plaintiff's performance, based upon Plaintiff's allegations it appears that the performance of the company could be said to reflect Plaintiff's performance.

Plaintiff also alleged that his bonuses were "part of [his] compensation structure," which, assessed in a light most favorable to Plaintiff, plausibly alleges that the bonuses were guaranteed as part of his wages. This satisfies the second *Hallet* factor. Finally, Plaintiff alleged that Defendants failed to pay his "accrued" bonus. Black's Law Dictionary defines the term "accrued compensation" as "[c]ompensation earned but not yet paid." *Accrued Compensation, Black's Law Dictionary* (6th ed. 1990). In other words, it appears that Plaintiff has alleged that the bonuses were vested, in satisfaction of the third *Hallet* factor.

Based these principles, the undersigned finds that Plaintiff has set forth sufficient factual allegations to render his claim for bonuses under NYLL plausible on its face and, therefore, not futile.

### *Plaintiff's Unjust Enrichment Claim is Not Futile.*

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant was benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citing *Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir. 1983)).

"New York law 'precludes unjust enrichment claims whenever there is a valid and enforceable contract governing a particular subject matter, whether that contract is written, oral, or implied-in-fact.'" *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 751 (S.D.N.Y. 2017) (quoting *Green Tree Servicing, LLC v. Christodoulakis*, 689 F. App'x 66, 71 (2d Cir. 2017)); *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388-89 (N.Y. 1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contracts for events arising out of the same subject matter…. Briefly stated, a quasi-contractual obligation is one imposed by law *where there has been no agreement or expression of assent, by word or act, on the part of either party involved.*" (citations omitted, emphasis in original)).

However, an unjust enrichment claim can survive, even in the face of a written agreement, if a dispute exists concerning the validity of the underlying contract. *OmniProphis Corp. v. Vanteon Corp.*, No. 6:20-CV-06612 EAW, 2021 WL 4150090, at *3 (W.D.N.Y. Sept. 13, 2021) ("[A]n unjust enrichment claim is appropriately pled in the alternative where there is a bona fide dispute over the existence of the contract." (internal quotations and citation omitted)); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 458-59 (S.D.N.Y. 2016) ("While the existence of a contract generally bars recovery based on the quasi-contract theory of unjust enrichment, a claim for unjust enrichment may survive a motion to dismiss where the plaintiff challenges the contract's validity." (citations omitted)).

Plaintiff's claim for unjust enrichment in the proposed amended complaint provides:

15

> 63. By refusing to pay the earned salary, sales commissions, bonuses, and company stock due to Plaintiff on account of the revenues generated by Plaintiff, Defendants have been unjustly enriched and have received the benefit of Plaintiff's services for which, in equity and good conscience, the Plaintiff should be fairly compensated.

(Proposed Am. Compl. ¶ 63, ECF No. 25-1.) Plaintiff also provided factual background regarding the alleged terms of his compensation under both the Offer Letter and the Executive Agreement, allegations that Plaintiff's contributions led to sales that were going to exceed Defendants' projections for fiscal year 2021, and how Defendants "failed to pay Plaintiff annual bonuses, commissions, and company stock." (Proposed Am. Compl. at 1, 3–5, 7–9.) In other words, Plaintiff detailed how Defendants benefitted at Plaintiff's expense, including, but not limited to, his help in doubling its sales during the 2020 fiscal year, an almost 100% growth in sales, and implementing new sales strategies, which included a "highly successful team selling system." (*Id.* at 1, 4.) Moreover, these allegations have provided the factual background for this Court to find that equity and good conscience requires that Plaintiff should be compensated for his efforts.

Defendants contend that Plaintiff's unjust enrichment claim should be dismissed as duplicative of his breach of contract claim. (Defs.' Mem. of Law at 2–3, ECF No. 27.) More specifically, Defendants contend that the parties entered into the Employment Agreement, a valid, enforceable written contract, which precludes a claim for unjust enrichment. (*Id.* at 3–4.) Defendants further assert that Plaintiff cannot plead unjust enrichment "where there is no dispute the agreement exists." (*Id.* at 3.)

In response, Plaintiff argues that his entitlement to commissions arises under the Offer Letter and not the Executive Agreement. (Pl.'s Reply at 3–4, ECF No. 29.) In addition, Plaintiff contends that contrary to Defendants' representations otherwise, there exists a dispute as to whether the Offer Letter is a valid, enforceable contract. (*Id.* at 4.)

Since it appears that some of Plaintiff's allegations regarding its claim for unjust enrichment relate to the Offer Letter and the parties dispute the enforceability of the Offer Letter, Plaintiff's unjust enrichment claim can appropriately be pled in the alternative to Plaintiff's breach of contract claim.

## CONCLUSION

Based on the forgoing, the undersigned recommends that the District Court deny Plaintiff's motion to amend the complaint to add a claim for a failure to pay wages in the form of commissions and stock in violation of NYLL, Article 6, §§ 190 *et. seq*.

The Court grants Plaintiff's motion to amend to the extent that he seeks to add a claim for a failure to pay wages in the form of bonuses pursuant to NYLL Article 6, §§ 190 *et. seq*. The Court further grants Plaintiff's motion to amend to the extent it seeks to add a claim for unjust enrichment. Finally, the Court grants Plaintiff's motion to the extent it seeks to include additional factual allegations.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report

17

and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   March 14, 2022
           Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge