UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK ANTONACCI,

Plaintiff,

DECISION AND ORDER

21-CV-6578L

v.

KJT GROUP, INC., et al.,

Defendants.

---

This action was brought by Mark Antonacci against his former employer, KJT Group, Inc. ("KJT") and Michaela Gascon, KJT's President and Chief Executive Officer, asserting claims under New York law arising out of the termination of plaintiff's employment in or about June 2021. Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.

This Court referred this case to Magistrate Judge Mark W. Pedersen for all non-dispositive pretrial matters (Dkt. #9). On January 25, 2022, plaintiff filed a motion for leave to file an amended complaint. (Dkt. #25). On March 14, 2022, Magistrate Judge Pedersen issued a Report and Recommendation ("R & R") together with a Decision and Order (Dkt. #31), which: (1) recommended that this Court deny plaintiff's motion to amend the complaint to add a claim for failure to pay wages in the form of commissions and stock in violation of New York Labor Law § 190, on the ground that such amendment would be futile; and (2) granted plaintiff's motion to amend to the extent that he sought to add claims for a failure to pay wages in the form of bonuses pursuant to Labor Law § 190, and for unjust enrichment, and to add certain factual allegations.

Plaintiff has filed an objection to the R & R, to the extent that it recommends denial of plaintiff's motion to add a claim for unpaid commissions under the Labor Law. Plaintiff does not object to the recommendation to deny amendment to add a claim for failure to pay stock. *See* Dkt. #34 at 2 n.1.

**DISCUSSION**

**I. Standard of Review**

Under 28 U.S.C. § 636(b)(1), if a party files written objections to a magistrate judge's recommendations, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." In addition, Rule 72 of the Federal Rules of Civil Procedure provides that a magistrate judge's rulings as to nondispositive matters, *i.e.*, matters which would not dispose of a party's claim or defense, are to be set aside only if "clearly erroneous or contrary to law," while findings and recommendations on dispositive matters are subject to *de novo* review.

The statute and rules do not explicitly state whether a motion to amend a complaint should be considered dispositive or nondispositive. The Second Circuit has not expressly ruled on that question, and district courts from within this circuit have reached inconsistent results. *See Lubavitch of Old Westbury, Inc. v. Incorporated Village of Old Westbury*, No. 08-cv-5081, 2021 WL 4472852, at *9 (E.D.N.Y. Sept. 30, 2021) (surveying cases). A number of courts have concluded that a magistrate judge's *grant* of (or recommendation to grant) a motion to amend should be treated as nondispositive, while a *denial* should be treated as dispositive, particularly

where the denial is based on grounds of futility due to the proposed new claim's lack of merit. *Id.* (citing cases). That approach finds some support from the Court of Appeals. *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015) ("when denial of leave to file a revised pleading is based on a legal interpretation, such as futility, a reviewing court conducts a *de novo* review"); *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("A finding of futility is a legal conclusion, which we review *de novo*, applying the same standard as for a motion to dismiss") (citation omitted).

I adopt that approach here. Magistrate Judge Pedersen's decision itself implicitly distinguishes between his *grant* of plaintiff's motion to amend the complaint to add certain claims, and his *recommendation* that this Court deny the motion insofar as it seeks to add certain other claims. In addition, since a finding that amendment should be denied on the ground of futility amounts to a conclusion that the proposed amendment would not withstand a motion to dismiss under Rule 12(b)(6), the decision can be said to be dispositive of the proposed new claim. *See HCC, Inc. v. R H & M Mach. Co.*, 39 F.Supp.2d 317, 321-22 (S.D.N.Y. 1999). The Court therefore undertakes a *de novo* review of Magistrate Judge Pedersen's recommendation that the motion to add a claim for unpaid commissions be denied.

## II. Factual and Procedural Background

The relevant factual background is laid out in the R & R, familiarity with which is assumed, but in short, plaintiff was hired by KJT in January 2020, as Executive Vice President, Commercial Operations. His employment was terminated in June 2021. In the original

complaint, plaintiff brought claims under New York law for unlawful discrimination, breach of contract, and breach of the implied covenant of good faith and fair dealing.

In the proposed amended complaint, plaintiff alleges, *inter alia*, that pursuant to KJT's written offer of employment ("offer letter"), which he accepted, plaintiff was "tasked with a total target for the next 9 months $1.125 million in gross revenue," and that "[t]o the extent Plaintiff reached 100% achievement of gross revenue targets, KJT projected that Plaintiff would be entitled to approximately $20,790 in personal commission and $54,800 in team sales commission." Commissions would increase proportionately to the amounts by which plaintiff exceeded his revenue targets. Proposed Amended Complaint ("PAC") (Dkt. #25-1) at 4, ¶ 14.

Plaintiff further alleges that he achieved extraordinary sales growth for the company, and that during the 2020 fiscal year, sales rose to over $16 million, far in excess of his target goal. PAC ¶ 15. Despite that record sales growth, however, defendants never paid him commissions. Plaintiff alleges that, contrary to the terms of his offer letter, KJT amended the terms of his commission structure by increasing the target goals, making it more difficult if not impossible for plaintiff to earn commissions. KJT also unilaterally dropped any reference to team commissions, which had been promised to plaintiff in his offer letter. PAC ¶¶ 19, 20. Based on these and other allegations, the proposed amended complaint would add a cause of action for failure to pay wages, including commissions, under the New York Labor Law. PAC ¶¶ 65-70.

"Article 6 of the Labor Law regulates the payment of wages by employers." *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y.3d 609, 614 (2008). The statute also provides remedies for employees aggrieved by an employer's failure to pay required wages. *See* N.Y. Lab. L. § 198; *Gertler v. Davidoff Hutcher & Citron LLP*, 186 A.D.3d 801, 808 (2d Dep't 2020).

At issue in this case is whether plaintiff's allegations that he was not paid commissions states a claim for unpaid "wages" under the Labor Law. Section 190(1) of that law defines "wages" as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis."

Despite the statute's reference to wages paid on a commission basis, New York courts have interpreted the statute to mean that not all commissions constitute wages. To fall within the definition of wages, the commissions must have been "earned" by the employee. *See Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 617 (2008). Payments that are more in the nature of incentive compensation (such as bonuses or profit-sharing), "based on factors falling outside the scope of the employee's actual work," are excluded from the definition of "wages." *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000) (internal quote omitted). That a payment is labeled a "commission" is not dispositive, then; what matters is whether the employee earned the commission through his labor or services rendered.

In the R & R, the magistrate judge concluded that plaintiff had "essentially reiterated the terms under which he would receive both personal and team commissions, but that he ... failed to provide factual support from which the undersigned could infer that Plaintiff was actually involved in any particular sales," in other words, whether plaintiff had actually earned any commissions. R & R at 7. Magistrate Judge Pedersen therefore ruled that "amending the complaint to add a claim for commissions under NYLL would be futile, as Plaintiff has not included enough factual allegations to state a plausible claim." *Id.* at 9. Plaintiff objects to that ruling, and asserts that the complaint sufficiently alleges a claim for unpaid commissions under the Labor Law.

**III. Analysis**

In deciding plaintiff's motion, the Court begins with the longstanding rule that leave to amend a complaint is to "be freely given when justice so requires." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (citing Fed. R. Civ. P. 15(a)(2)). A court may deny leave to amend, however, for a "valid ground," *id.*, such as futility or undue prejudice, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018). "To determine whether granting leave to amend would be futile, [the court] consider[s] the proposed amendments and the original complaint." *In re Tribune Co. Fraudulent Conveyance Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (citing *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225-26 (2d Cir. 2017)). *See also Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164-65 (2d Cir. 2015) ("A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss") (internal quotation marks omitted).

As explained above, § 190(1) by its terms includes commissions within the definition of "wages," so long as they are "earned." In applying the statute, courts appear to have taken a generally inclusive approach with respect to commissions. *See Flannigan v. Vulcan Power Group, LLC*, 642 F.App'x 46, 51 (2d Cir. 2016) ("the New York Court of Appeals has made clear that 'a "commission" is considered a "wage" under section 190(1) of the Labor Law'") (quoting *Pachter*, 10 N.Y.3d at 616-17). Under that approach, commissions are ordinarily understood to constitute wages, *unless* they are not tethered to the employee's actual work production. *See, e.g.*, *Giaimo v. SHC Servs., Inc.*, No. 11-CV-397, 2017 WL 1151042, at *3

(W.D.N.Y. Mar. 28, 2017) ("Although the plaintiff describes his compensation as 'commissions' (*which ordinarily fall under the definition of 'wages'* in N.Y. Labor Law § 190(1)), the evidence suggests that those 'commissions' may have been 'in the nature of a profit-sharing arrangement' because they were 'both contingent and dependent, at least in part, on the financial success of the business enterprise'") (quoting *Truelove*, 95 N.Y.2d at 223-24) (emphasis added).

In the proposed amended complaint, plaintiff relies on the terms of KJT's January 2, 2020 offer letter, and he has submitted a copy of that letter. (Dkt. #28-1.) The letter informs plaintiff that in addition to his salary, he will be "eligible for personal and team commissions from gross revenue sold as outlined on page 2" of the letter. *Id.* at 4. Page 2 of the letter sets forth a detailed summary of the commission structure, broken down into personal and team commissions. The calculations are further broken down into types and amounts of revenue and other parameters, but in general the commissions are based on a percentage of revenue. The letter also includes a table, titled "Salary and Commission Example Achievement (January - September 2020)." The table sets out three sets of calculations, based on 75%, 100%, and 144% achievement of the sales target, which would result in personal sales commissions of $13,718, $20,790, and $47,890 respectively. Team sales commissions under those scenarios would range from $21,920 to $54,800. *Id.* at 6. Following the table are several other provisions relating to when and how commissions would be paid.

Both the original and the proposed amended complaint allege that during plaintiff's employment, his team far exceeded their target goals, *see* Complaint ¶ 17, PAC ¶ 15. Plaintiff

alleges that despite that achievement, KJT failed to pay him the commissions he was owed. PAC ¶¶ 17, 19.[1]

In my view, those allegations suffice to state a claim for unpaid commissions under § 190(1). Plaintiff has alleged that KJT agreed to pay him commissions based on his and his team's hitting certain sales targets, that those targets were met and exceeded, and that KJT failed to pay him the promised commissions. Although plaintiff does not plead an exact dollar amount of the commissions to which he claims to be entitled, he states that computation of an exact number depends on precise figures for gross revenue sales attributable to him and his team members, and that information lies in defendants' possession. *See Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (Rule 8(a) does not require pleading of "specific facts," particularly when those facts are peculiarly within the opponent's knowledge); *Energy Intelligence Grp., Inc. v. Jefferies, LLC*, 101 F.Supp.3d 332, 339 (S.D.N.Y. 2015) (not requiring plaintiff to plead information within the defendant's sole possession). The relevant information can be obtained in discovery, *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), and since there will likely be discovery concerning plaintiff's performance at KJT regardless, it is unlikely that this would greatly expand the scope of discovery.

I am not persuaded by defendants' reliance on *Cicero v. Intellor Group, Inc.*, 18-CV-6934, 2021 WL 1720810, (W.D.N.Y. Apr. 30, 2021). There, the court dismissed a claim for unpaid commissions where the plaintiff simply made a "bald assertion" that he was owed at

---

[1] Though this may relate more to plaintiff's claim for breach of contract, he also alleges that not long after he began working at KJT, KJT amended the terms of the commission structure, raising the target goal to $3.3 million for the next eight months, prorated from a 12-month goal of $5 million. PAC ¶ 20. Plaintiff alleges that by doing so, KJT made it more difficult for him to earn commissions. He also asserts that KJT thereby violated the terms of the offer letter, which stated that KJT reserved the "right to amend the total sales target and the commission structure *annually*." (Dkt. #35-1 at 5) (emphasis added).

least $400,000 in commissions, and alleged "no supporting facts ... from which the Court could conclude either that Plaintiff made any particular sales or that he [wa]s owed any amount of commission from Intellor, let alone $400,000.00." *Id.* at 4. As explained above, plaintiff in the case at bar has done more than that, and I conclude that the proposed amended complaint plausibly states a claim for unpaid commissions under Labor Law § 190(1). The amount of the commissions owed, if any, and whether the commissions were earned by plaintiff are matters better left for discovery and further proceedings in this case. *See Heap v. CenturyLink, Inc.*, No. 18 Civ. 1220, 2020 WL 1489801, at *15 (S.D.N.Y. Mar. 27, 2020) ("With respect to Heap's earning the commission, this is undoubtedly a question of disputed fact left to a jury").

**CONCLUSION**

I accept and adopt the Report and Recommendation (Dkt.# 31) of Magistrate Judge Mark W. Pedersen in part, and reject it in part. Plaintiff's motion to amend the complaint to add a claim for failure to pay wages in the form of commissions (Dkt. #25) is granted. Plaintiff must file an amended complaint in conformity with this Decision and Order no later than ten (10) days after the date of filing of this Decision and Order.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 25, 2022.